```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

KENTON DEAN YOUNG,                  :
                                    :
     Plaintiff,                     :
                                    :   PRISONER
V.                                  :   Case No. 3:05-CV-551(RNC)
                                    :
SHIPMAN, ET AL.,                    :
                                    :
     Defendants.                    :
```

## RULING AND ORDER

Plaintiff, an inmate at Cheshire Correctional Institution, brings this action pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against numerous officials of the Connecticut Department of Correction ("DOC"). The complaint alleges that the defendants failed to protect the plaintiff from physical assaults by other inmates, harassed and retaliated against him for filing grievances, denied him due process, and were deliberately indifferent to his serious medical and dental needs. The case is now before me on plaintiff's motion for a preliminary injunction preventing DOC officials from "inflict[ing] any type of harassment, and, retali[a]tory acts, on [him]." Accepting the allegations in plaintiff's motion as true, they are insufficient to support a finding that the requested injunction is necessary to prevent irreparable harm. Accordingly, the motion is denied.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Sec. II Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Med. Soc'y of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)).  To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that [he] will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in [his] favor." Brewer v. W. Irondequoit Cent. Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).[1]

Construing the plaintiff's pleadings liberally "to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), I interpret the motion for a preliminary injunction as a request for an order prohibiting the defendants from retaliating against the plaintiff for filing this

---

[1] An evidentiary hearing is generally required on a properly supported motion for preliminary injunction, see Md. Cas. Co. v. Realty Advisory Bd. on Labor Relations, 107 F.3d 979, 984 (2d Cir. 1997), but when "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony," 13 James Wm. Moore, et al., Moore's Federal Practice ¶ 65.21[6] (3d ed. 2005).  After careful review of the record, I find that an evidentiary hearing is unnecessary here.

2

lawsuit or engaging in other constitutionally protected activity, such as filing grievances.[2]  The motion alleges that a number of DOC officials have retaliated against the plaintiff since this lawsuit was filed.  However, the only defendant who is alleged to have done so is Correction Officer Ignacio.  The issue, therefore, is whether the motion adequately alleges a basis for issuing an injunction against him.[3]

According to the plaintiff's motion, Officer Ignacio issued a disciplinary report on April 23, 2005, falsely charging the plaintiff with flagrant disobedience.  The motion does not allege that Officer Ignacio acted in retaliation for the plaintiff's filing of this lawsuit, but the complaint in this action was filed just a few weeks before Officer Ignacio filed the disciplinary report, so it is reasonable to construe the motion as if such an allegation were made.  Indeed, at first blush, the close temporal proximity between the two filings would seem to provide strong support for interim injunctive relief against Officer Ignacio.  The docket sheet shows, however, that the summons and complaint in this action were not transmitted to the Attorney General until nearly two months after the allegedly false disciplinary report was filed.  Plaintiff does not allege

---

[2]  See Franco v. Kelly, 854 F.2d 584, 588-89 (2d Cir. 1988).

[3]  The Court does not have jurisdiction over the other persons mentioned in the motion who are not named as defendants in the complaint.

that Officer Ignacio was notified of the existence of the complaint before it was served on his counsel, and I have no reason to believe he was.  On this record, therefore, a finding that Officer Ignacio filed the disciplinary report in retaliation for the plaintiff's filing of this lawsuit would be unfounded, notwithstanding the close temporal proximity between the two filings.[4]

The motion for a preliminary injunction also refers to the Warden at Cheshire Correctional Institution.  According to the motion, the plaintiff asked the Warden for an explanation as to why the plaintiff did not receive prescription medications from October 7 to 10, 2005, but got no reply.[5]  Whether the motion refers to former Warden Dzurenda, who is a named defendant, or the current Warden, who is not, plaintiff has not shown that the alleged failure to reply was retaliatory in nature or that he will suffer irreparable harm unless the current Warden is

---

[4] The complaint alleges that in October 2004, Officer Ignacio retaliated against the plaintiff for filing grievances. (See Compl. ¶¶ 91-93, 149.)  Even assuming those allegations are true, they do not provide a sufficient basis to support a finding that preliminary injunctive relief is currently necessary to prevent Officer Ignacio from committing further acts of retaliation.

[5] Correctional medical records show that plaintiff received all his medications on October 7 and 8, and all but one of his medications on October 9 and 10.  (Defs.' Attach. G ¶ 5.)  The two-day interruption apparently occurred because plaintiff was not able to take his medications with him to segregation. (Defs.' Attach. G ¶ 8.)

enjoined from engaging in other acts of retaliation.

For the foregoing reasons, the plaintiff's motion for a preliminary injunction [Doc. #25] is hereby denied.

So ordered.

Dated at Hartford, Connecticut this 10th day of May, 2006.

_____/s/_____
Robert N. Chatigny
United States District Judge
