```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

KENTON DEAN YOUNG,              :
                                :
    Plaintiff,                  :
                                :   PRISONER
V.                              :   Case No. 3:05-CV-551 (RNC)
                                :
SHIPMAN, ET AL.,                :
                                :
    Defendants                  :
```

## RULING AND ORDER

Plaintiff, a Connecticut state inmate, filed this action pro se pursuant to 42 U.S.C. § 1983 against Department of Correction officials, alleging various violations of his constitutional rights. On May 10, 2006, the court denied plaintiff's motion for a preliminary injunction. Plaintiff has filed a "memorandum in court proceedings" that contests the court's denial of injunctive relief. Treating the "memorandum" as a motion for reconsideration, the motion for reconsideration is denied.

The standard for granting a motion for reconsideration is strict. Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. A motion for reconsideration may not be used to relitigate an issue the court already has decided. SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006).

In the motion for reconsideration, plaintiff reasserts the

claims that he was retaliated against and was maliciously denied his medications. In the ruling denying preliminary injunctive relief, the court concluded that these claims were "insufficient to support a finding that the requested injunction [was] necessary to prevent irreparable harm." (Doc. #41 at 1.) In particular, the court observed that it lacked jurisdiction over many of the individuals named in plaintiff's motion and that plaintiff had not adequately alleged that the individuals over whom the court had jurisdiction had engaged in retaliation. Because plaintiff is merely seeking to relitigate claims already rejected, the motion for reconsideration fails.

Plaintiff's motion for reconsideration also describes incidents that occurred after the motion for preliminary injunction was filed – namely, defendant Shivy's refusal to provide plaintiff with prompt dental treatment in April 2006, defendant Ignacio's search of plaintiff's living area on April 8, 2006, and a malicious transfer to the Bridgeport Correctional Community Center on May 8, 2006. These incidents are not the proper subject of a motion for reconsideration because they were not brought to the attention of the court in the motion for preliminary injunction or by means of a supplemental brief. More importantly, these incidents could not support injunctive relief at this time because plaintiff has been transferred to another correctional facility and preliminary injunctive relief against

defendant Ignacio or other defendants at Cheshire Correctional Institution would therefore be unnecessary to prevent future harm.  See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976) (holding that inmate's request for injunctive relief against correctional staff at a particular correctional institution becomes moot when inmate is transferred to a different institution).

For the foregoing reasons, plaintiff's motion for reconsideration [Doc. #43] is hereby denied.

So ordered.

Dated at Hartford, Connecticut this 13th day of June 2006.

                                                    /s/
                                    Robert N. Chatigny
                            United States District Judge