```
                   UNITED STATES DISTRICT COURT

                     DISTRICT OF CONNECTICUT


KENTON DEAN YOUNG                  :
                                   :         PRISONER
     v.                            : Case No. 3:05CV551(RNC)(DFM)
                                   :
SHIPMAN, et al.                    :
```

                            RULING AND ORDER

Along with his opposition to defendants' cross-motion for summary judgment, the plaintiff has filed motions asking the court to schedule a trial date and close the pleadings.

Until the court rules on the pending cross-motions for summary judgment, any request for a trial date is premature. The motion to schedule a trial date [**doc. #68**] is **DENIED** without prejudice to refiling if any of plaintiff's claims survive summary judgment.

In his second motion, entitled a motion to close the pleadings, the plaintiff states that he rejected the defendants' offer of settlement and asks the court "conceptualize the defendants' admission to the plaintiff's claims." (See Doc. #67.) The court assumes that the plaintiff wants the court to construe statements offered in the course of settlement negotiations as an admission of liability. In opposition to the

motion, the defendants state that they did not admit liability or wrongdoing.

The court has no information regarding the defendants' communication to the plaintiff. However, evidence of offers of settlement is not admissible in a civil proceeding. See Fed. R. Evid. 408. Thus, even if the defendants had admitted wrongdoing, that statement would be inadmissible. The plaintiff's motion [**doc. #67**] is **DENIED**.

In his response to the defendants' motion for summary judgment, the plaintiff disputes evidence offered by the defendants and refers to evidence that he will present at trial. By notice filed August 4, 2006, the court specifically informed the plaintiff of the contents of proper response to a motion for summary judgment. References to evidence that will be produced later is insufficient to oppose a motion for summary judgment. When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact." Soto v. Meachum, Civ. No. B-90-270 (WWE), 1991 WL 218481, at *6 (D. Conn. Aug. 28, 1991). A party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987).

The court will permit the plaintiff to file a supplemental memorandum in opposition to the defendants' motion for summary judgment.  The supplemental memorandum shall be filed within **twenty (20)** days from the date of this order and shall conform to the requirements stated in the court's August 4, 2006 notice.  If no supplemental memorandum is received within the time specified, the court will consider the cross motions for summary judgment on the current record.

In conclusion, the plaintiff's motion to schedule a trial date [**doc. #68**] is **DENIED** without prejudice as premature and his motion to close pleadings [**doc. #67**] is **DENIED.**

**SO ORDERED** this 25th day of October, 2006, at Hartford, Connecticut.

    /s/ Donna F. Martinez
DONNA F. MARTINEZ
UNITED STATES MAGISTRATE JUDGE