UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENTON DEAN YOUNG, | : |
| Plaintiff, | : |
| V. | : Case No. 3:05-CV-551(RNC) |
| SHIPMAN, et al., | : |
| Defendants. | : |

<u>SUMMARY ORDER</u>

This case is before the court on cross-motions for summary judgment.

Plaintiff's motion [doc. #45] is denied because it merely reiterates, in summary form, the allegations in the complaint, without legal argument, and without providing the required statement of material facts not in dispute. See D. Conn. L. Civ. R. 56.

Defendants' motion [doc. #58] is granted in part, and denied in part.

The motion is granted in part as follows:

(1) The claims for injunctive relief are dismissed as moot because plaintiff has been released from custody. *See, e.g., Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006).

(2) The claims for money damages against defendants in their official capacities are dismissed under the doctrine of sovereign

immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n. 11 (1984).

(3) The claims of denial of due process are dismissed because the punishments at issue (ten days' punitive segregation followed by fifteen days' confinement to quarters, and fifteen days' confinement to quarters with ninety days' loss of telephone privileges) do not constitute the "atypical and significant hardship on [an] inmate in relation to the ordinary incidents of prison life," required to raise a due process issue under *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See, e.g.*, *Frazier v. Coughlin*, 81 F.3d 313, 317-18 (2d Cir. 1996) (liberty interest not implicated by 120 days of segregation and loss of privileges for 30 days).

(4) The claim of deliberate indifference to serious medical needs is dismissed because the record shows that plaintiff received regular medical attention during which staff took notice of his complaints about, and provided treatment for, jaw pain, migraine, and skin irritation. Plaintiff's allegation that the relief he received from the treatments was inadequate is insufficient to support a claim of deliberate indifference under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003).

(5) The claim of racial discrimination in violation of the Equal Protection Clause is dismissed because plaintiff has not

produced any evidence that defendants treated him differently from similarly-situated individuals on the basis of race.

(6) The allegations that defendants failed to respond to grievances, in violation of relevant administrative directives, do not state a claim. Although the filing of grievances is constitutionally protected, the manner in which they are addressed does not implicate constitutional due process rights. *See Odom v. Poirier*, No. 99 Civ. 4933, 2004 WL 2884409, at* 10 (S.D.N.Y. Dec. 10, 2004) and cases cited therein.

(7) The conspiracy claim is dismissed because plaintiff's vague, unsupported allegations of conspiracy are insufficient to withstand a motion for summary judgment.

(8) The retaliation claim against defendant Strange is dismissed because the mere fact that he denied plaintiff's disciplinary appeals, without more, is insufficient to state a claim for retaliation.

(9) The claim of retaliatory transfer against defendants Dzurenda and Saundry is dismissed because plaintiff has produced no evidence to support his allegation that they knew he would be assaulted in the new facility, or intended such an outcome as retaliation for his filing of complaints against other DOC personnel.

(10) The claims that defendants Saundry, Cummings, Garcia, and Ignacio retaliated against plaintiff for filing grievances by using

derogatory language, denying him access to cleaning supplies, conducting shakedowns of his cell, or delaying his access to the the mailbox are dismissed because the alleged actions are not sufficiently serious, compared to the ordinary inconveniences of prison life, to "deter [a prisoner] of ordinary firmness from exercising his or her constitutional rights," as required to state claim of retaliation. *See, e.g.*, *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003). And

(11) Plaintiff's state law claims for negligence are dismissed because Connecticut statutory law provides immunity from negligence claims for state employees sued in their individual capacities. *See* Conn. Gen. Stat. Section 4-165.

The motion is denied in part as follows:

(1) The claim for failure to protect may proceed as against defendants Shipman, Gomez, Falcone, and Lantz because there are genuine issues of material fact with respect to whether plaintiff was assaulted and whether these defendants knew and disregarded a serious risk that he would be harmed by other inmates. Plaintiff has provided copies of inmate requests, appeals and letters to these defendants expressing fears for his safety, and the medical records also reflect that he expressed similar concerns to medical staff on at least one occasion before the alleged assaults. Defendants deny that plaintiff was assaulted, and further deny that

they received communications from him about his fear of being assaulted, but these denials are not dispositive.

(2) The claims that defendants Garcia and Ignacio retaliated against plaintiff by filing false disciplinary reports may also proceed. Plaintiff's filings indicate temporal proximity between his written complaints about Ignacio (dated October 28, 2004) and Garcia (dated December 6, 2004) and allegedly false disciplinary reports issued by these defendants on October 29, 2004, and January 28, 2005, respectively. Defendants have not come forward with anything other than general denials to demonstrate that the challenged actions would have been taken even in the absence of a retaliatory motive. Therefore, summary judgment may not be granted on these claims. *See Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002); *Gayle v. Gonyea*, 313 F.3d 677, 684 (2d Cir. 2002).

In sum, plaintiff may proceed with the following claims against the following defendants **only**:

(1) Failure to protect from assault by other inmates against defendants Shipman, Gomez, Falcone, and Lantz; and,

(2) Retaliatory filing of false disciplinary reports by defendants Garcia and Ignacio.

The Clerk is directed to enter judgment for defendants Saundry, Cummings, Shivy, Ruiz, Dzurenda, and Strange.

So ordered this 30th day of March 2007.

/s/
Robert N. Chatigny, U.S.D.J.